Case 1:22-cv-00161   Document 10   Filed on 02/01/23 in TXSD   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
February 01, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISMAEL DE JESUS-FLORES, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:22-cv-161 |
| | § | CRIM. ACTION NO. 1:17-292-1 |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On November 29, 2022, Petitioner Ismael De Jesus-Flores filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1.

On January 30, 2023, the Government filed a response to the motion. Dkt. No. 9.

After reviewing the record and the relevant case law, the Court recommends that the petition be denied. De Jesus-Flores's petition is substantively meritless.

## I. Background

### A. Factual Background

#### 1. Indictment & Guilty Plea

On April 18, 2017, the grand jury indicted De Jesus-Flores on one count of conspiracy to transport or harbor aliens into the United States and three counts of transporting or harboring aliens into the United States. U.S. v. De Jesus-Flores, Criminal No. 1:17-292-1, Dkt. No. 1 [hereinafter CR].

On April 16, 2019, the grand jury returned a superseding indictment against De Jesus-Flores and four co-defendants. CR Dkt. No. 43. De Jesus-Flores was indicted on one count of conspiracy to transport or harbor aliens in the United States, two counts of transporting or harboring aliens in the United States, one count of conspiracy to commit money laundering, nine counts of money laundering, and five counts of operating an unlicensed money transmitting business. Id.

On March 2, 2020, De Jesus-Flores entered into a plea agreement with the Government, agreeing to plead guilty to one count of conspiracy to transport or harbor

aliens and one count of conspiracy to commit money laundering. CR Dkt. No. 161. In exchange for his plea of guilty, the Government agreed to recommend "credit for Acceptance of Responsibility, sentencing at the low end of the advisory guideline level the defendant scores, and dismissal of remaining counts." Id., pp. 1-2. On that same day, De Jesus-Flores pled guilty before the District Judge. CR Dkt. No. 264.

### 2. Presentence Report

In the final presentence report ("PSR"), De Jesus-Flores's base offense level was based on the alien transporting charge because the guidelines do not expressly cover conspiracy to commit money laundering. CR Dkt. No. 183, p. 49 (citing U.S.S.G. § 2X1.1). Thus, De Jesus-Flores's base offense level was 12. Id. He was assessed an additional nine level enhancement for harboring 300 undocumented aliens and an additional two level enhancement because he committed the offense after sustaining a prior conviction for a felony immigration offense. Id. He was assessed an additional four level enhancement because he smuggled unaccompanied minors and an additional two level enhancement because he used a minor as an accomplice in the commission of the crime. Id., p. 50. De Jesus-Flores was assessed an additional two level enhancement because he was convicted of conspiracy to commit money laundering. Id. Finally, he was assessed a four-level enhancement as the organizer or leader of a criminal conspiracy. Id. He was given a three-level reduction for acceptance of responsibility. Id. Thus, De Jesus-Flores had a total offense level of 32. Id.

Regarding his criminal history, De Jesus-Flores had eleven adult criminal convictions and was assessed 17 criminal history points. CR Dkt. No. 183, pp. 51-61. He was assessed an additional two points because he was on probation and supervised release at the time he committed the instant offense. Id., p. 61. He was assessed a total criminal history score of 19, resulting in a criminal history category of VI. Id. An offense level of 32 and criminal history category of VI, produced a sentencing guideline imprisonment range of 210 to 262 months.

However, the conspiracy to harbor aliens charge carried a maximum term of 120 months of imprisonment; thus, his guideline sentencing range became 120 months. CR

Dkt. No. 183, p. 67. The conspiracy to commit money laundering charge carried a maximum sentence of 240 months imprisonment; thus, his guideline sentencing range became 210 to 240 months. Id.

Via counsel, De Jesus-Flores filed objections to the PSR. CR Dkt. No. 201. De Jesus-Flores contested the underlying evidence behind the PSR's calculation that he was responsible for transporting 300 undocumented aliens, arguing that the evidence showed he should only be accountable for 78. Id. He also contested the two-level enhancement for having a prior immigration offense and the two-level enhancement for being convicted of a money laundering offense. Id. He argued that his total offense level should only be 31.

On April 26, 2021, the Government filed a request for a downward departure of up to a one-third reduction in the guideline sentencing range, in light of De Jesus-Flores's substantial assistance. CR Dkt. No. 244.

### 3. Sentencing

On April 26, 2021, the Court held the sentencing hearing. CR Dkt. No. 265. The Court overruled all of De Jesus-Flores's objections to the PSR, finding that there was sufficient evidence within the PSR to support all of the enhancements. Id., pp. 8-12. The Court granted the Government's motion for a downward departure. Id.

The Court declined to accept the Government's recommendation that De Jesus-Flores be sentenced at the low end of his guideline sentencing range, finding that his extensive criminal conduct and his extensive criminal history weighed against such a recommendation. CR Dkt. No. 265, pp. 25-26.

As to the conspiracy to commit money laundering conviction, the Court sentenced De Jesus-Flores to 160 months imprisonment, and three years of supervised release. CR Dkt. No. 252. As to the conspiracy to transport or harbor illegal aliens, the Court sentenced De Jesus-Flores to 120 months imprisonment and three years of supervised release, to be served concurrent to his sentence for the money laundering charge.[1] Judgment was entered on April 30, 2021. Id.

---

[1] As to the prior supervised release – which De Jesus-Flores violated with his underlying criminal conduct in the instant case – the Court revoked the supervised release and sentenced De

####  4. Direct Appeal

De Jesus-Flores timely filed a notice of appeal. CR Dkt. No. 249.

De Jesus-Flores's appellate counsel filed an Anders[2] brief, stating that there were no non-frivolous appealable issues. De Jesus-Flores v. U.S., Case. No. 21–40353 (5th Cir. 2021); CR Dkt. No. 269. Appellate counsel also filed a motion to withdraw. Id. De Jesus-Flores did not file a response to the motion to withdraw. Id.

On December 16, 2021, the Fifth Circuit granted the motion to withdraw, finding that there were "no nonfrivolous issue[s] for appellate review." CR Dkt. No. 269. Accordingly, the Fifth Circuit dismissed the appeal. Id.

De Jesus-Flores did not file a petition for writ of certiorari with the Supreme Court. De Jesus-Flores had 90 days in which to file that petition; that deadline expired on March 16, 2022. SUP. CT. R. 13.1. Thus, De Jesus-Flores's conviction became final on that date. Clay v. U.S., 537 U.S. 522 (2003).

### B. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255

On November 29, 2022, De Jesus-Flores timely filed the instant § 2255 motion, requesting that the District Court vacate, set aside, or correct his sentence. Dkt. No. 1. De Jesus-Flores did not submit the motion under penalty of perjury. Id., p. 14.

De Jesus-Flores argues that trial counsel was ineffective for: (1) failing to contest the sentencing enhancement for money laundering; (2) failing to interview the alleged unaccompanied minors to refute the enhancement for smuggling unaccompanied minors; (3) failing to be present at his debriefing interviews with the Government; (4) failing to seek a downward departure under U.S.S.G. § 8C4.1. De-Jesus Flores also argues that the sentencing guidelines definition of an unaccompanied minor is impermissibly vague.

On January 30, 2023, the Government filed its response to the petition. Dkt. No. 9. The Government argues that the petition should be dismissed because it was not filed under

---

Jesus-Flores to 21 months of imprisonment, to be served consecutively to his sentences in this case. CR Dkt. No. 265, pp. 29-30.

[2] Anders v. California, 368 U.S. 738 (1967).

penalty of perjury. Id. The Government further states that all of De Jesus-Flores's claims are substantively meritless.

## II. Applicable Law

### A. Section 2255

De Jesus-Flores seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. As relevant here, that section provides:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Where a § 2255 petitioner exhausts or waives his direct appeal, courts may presume that he was fairly convicted. U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001). Generally, a petitioner may not raise on collateral attack issues that he failed to raise on direct appeal, absent a showing of cause and prejudice. Id.

"In a habeas action, federal courts stand willing to review issues of jurisdiction, allegations of substantial constitutional violations, and claims that exceptional circumstances resulted in a fundamental miscarriage of justice." Lawrence v. McCarthy, 344 F.3d 467, 474 (5th Cir. 2003).

## III. Analysis

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255. Further, where the information available in the record and the clarity of the facts demonstrate a clear absence of entitlement to relief, a hearing is not required. U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992) ("A motion brought under § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief."). The record in this

case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing De Jesus-Flores's claim, a basic premise is that allegations by pro se litigants must be given liberal construction to ensure that their claims are not unfairly dismissed because of their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). Even applying that standard, neither the record – nor the law – support De Jesus-Flores's claim.

### A. Penalty of Perjury

De Jesus-Flores did not file his petition under penalty of perjury. His petition can be denied on this basis.

De Jesus-Flores "respectfully submitted" his petition. Dkt. No. 1, p. 12. His allegations are unsworn. A petitioner's "unsworn allegations do not bear sufficient indicia of reliability to be considered by the court." U.S. v. Gonzalez, 493 F. App'x 541, 544 (5th Cir. 2012) (citing U.S. v. Lghodaro, 967 F.2d 1028, 1030 (5th Cir. 1992)). As such, De Jesus-Flores has not raised any issues to be considered by the Court. However, even if the petition were to be considered to have been filed under penalty of perjury, he would fare no better, for the reasons set out below.

### B. Ineffective Assistance of Counsel

As previously noted, De Jesus-Flores makes four claims of ineffective assistance: (1) failing to contest the sentencing enhancement for money laundering; (2) failing to interview the alleged unaccompanied minors to refute the enhancement for smuggling unaccompanied minors; (3) failing to be present at his debriefing interviews with the Government; (4) failing to seek a downward departure under U.S.S.G. § 8C4.1. Each of these claims is meritless.

#### 1. Money Laundering

De Jesus-Flores argues that the money laundering enhancement should not have been applied to him.

The commentary to the sentencing guidelines states that the enhancement for money laundering should not be applied "if the defendant was convicted of a conspiracy under 18

U.S.C. § 1956(h) and the sole object of that conspiracy was to commit an offense set forth in 18 U.S.C. § 1957." U.S.S.G. § 2S1.1, Application Note 3(C) (emphasis added). De Jesus-Flores was convicted of violating § 1956(h). CR Dkt. No. 43, p. 3. The indictment makes clear that the sole object of the conspiracy was to violate 18 U.S.C. § 1956(a)(1)(B)(i), not § 1957. Id. As such, the sentencing enhancement was properly applied to him. See U.S. v. Reyes, 781 F. App'x 965, 968 (11th Cir. 2019) (enhancement was proper when defendant was indicted for conspiring to violate § 1956). Thus, counsel was not ineffective for failing to object to this sentencing enhancement. Clark v. Collins, 19 F.3d 959, 966 (5th Cir. 1994) ("Failure to raise meritless objections is not ineffective lawyering; it is the very opposite."). Accordingly, this claim should be denied.

### 2. Failure to Investigate

De Jesus-Flores asserts that his trial counsel failed to fully investigate his case, specifically by failing to interview the alleged unaccompanied minors to show that they were actually unaccompanied minors. This claim is meritless.

"A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome." Cox v. Stephens, 602 F. App'x 141, 146 (5th Cir. 2015) (unpubl.) (quoting Nelson v. Hargett, 989 F.2d 847, 850 (5th Cir. 1993)). De Jesus-Flores speculates that the minors may have been accompanied by their parents or guardians, but submits no evidence beyond his unsworn allegations. Absent a presentation of evidence in the record, a court cannot consider De Jesus-Flores's "bald assertion" on a critical issue by a pro se petitioner to be of probative evidentiary value. Ross v. Estelle, 694 F.2d 1008, 1011 (5th Cir. 1983). Thus, De Jesus-Flores's claim is without support in the record, is legally meritless, and should be denied.

### 3. Failure to Be Present

De Jesus-Flores argues that counsel was not present at his interviews where he debriefed with the Government. This claim is meritless.

Even if the Court assumes that counsel was not present for the debriefing meetings, De Jesus-Flores was not prejudiced by this alleged failure. The debriefings resulted in the

7

Government filing a motion for a downward departure, based on substantial assistance. CR Dkt. No. 244. De Jesus-Flores received a sentence of 160 months, which was 50 months below the low end of the guideline sentencing range of 210 months. He received the full benefit of his assistance. De Jesus-Flores argues that he was prejudiced because counsel's absence "allowed the government to use information at the debrief during sentencing to gain some of the enhancements." Dkt. No. 1, p. 10. De Jesus-Flores does not point to a specific enhancement that was derived solely from his debriefing testimony. As such, this claim is conclusory and should be denied.

### 4. Failure to Seek Downward Departure

De Jesus-Flores argues that counsel was ineffective for failing to seek a downward departure under U.S.S.G. § 8C4.1. This claim is, again, frivolous.

Chapter 8 of the Sentencing Guidelines applies when the defendant is an organization. U.S.S.G. Ch. 8, intro. cmt. An organization "means a person other than an individual." 18 U.S.C. § 18. Accordingly, this section of the guidelines is inapplicable to De Jesus-Flores. Counsel was not ineffective for failing to seek a downward departure under § 8C4.1. Clark, 19 F.3d at 966 ("Failure to raise meritless objections is not ineffective lawyering; it is the very opposite."). This claim is meritless and should be denied.

### C. Vagueness

De Jesus-Flores argues that the Court should find that the definition of minor in the sentencing guidelines is unconstitutionally vague because it has a different meaning "than the general definition of minor in federal law." This claim is meritless.

As an initial matter, the Sentencing Guidelines "are not amenable to a vagueness challenge." Beckles v. U.S., 580 U.S. 256, 265 (2017). Furthermore, to the extent that De Jesus-Flores is arguing that the definition of a minor in U.S.S.G. § 2L1.1 violates due process, his claim is meritless. The Sentencing Guidelines define a minor as someone who "had not attained the age of 18 years." U.S.S.G. § 2L1.1 cmt. n. 1. This definition is generally consistent with federal law. See 18 U.S.C. § 5031 (defining a juvenile as someone who has not attained their 18th birthday) & 42 U.S.C. § 619(2)(A) (defining a minor child as someone who not attained their 18th birthday).

The Sentencing Guidelines violates "due process only if it has no rational basis or is subject to arbitrary application." U.S. v. Ross, 948 F.3d 243, 249 (5th Cir. 2020). Defining a minor as someone under the age of 18 is rational and furthers the Government's goal of preventing the trafficking of minors, given the obvious dangers posed by this practice. Furthermore, it is not subject to arbitrary application. As such, the definition of a minor in the sentencing guidelines did not violate De Jesus-Flores's due process rights. This claim should be denied.

## IV. Recommendation

It is recommended that Petitioner Ismael De Jesus-Flores's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be denied as meritless.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1). A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). A district court may sua sponte rule on a COA, because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing De Jesus-Flores's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although De Jesus-Flores's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is recommended that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1). A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. Alexander v. Verizon Wireless Servs., L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas on February 1, 2023.

_____
Ronald G. Morgan
United States Magistrate Judge