United States District Court
Southern District of Texas
**ENTERED**
April 14, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISMAEL DE JESUS-FLORES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:22-CV-161 |
| | § | CRIMINAL ACTION NO. 1:17-CR-292-1 |
| UNITED STATES OF AMERICA | § | |

**ORDER**

In November 2022, Petitioner Ismael DeJesus-Flores moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 1) He challenges his concurrent sentences of 160 months imprisonment and three years of supervised release for conspiracy to commit money laundering and 120 months imprisonment and three years of supervised release for conspiracy to transport and harbor illegal aliens, including unaccompanied minors.

In his Petition, DeJesus-Flores contends on four grounds that he received ineffective assistance of counsel. He alleges his attorney: (1) failed to contest the sentencing enhancement for money laundering; (2) failed to interview key witnesses to determine if they were unaccompanied minors; (3) failed to attend his debriefing interviews with the Government; and (4) failed to seek a downward departure under U.S. Sentencing Guideline § 8C4.1. He also argues that the definition of "minor" in the commentary to the Sentencing Guidelines is unconstitutionally vague and violates his due process rights.

On February 1, 2023, a Magistrate Judge recommended that the Court deny the petition and deny a certificate of appealability. (R&R, Doc. 10) DeJesus-Flores then filed a "Motion to Reconsider Denial of Certificate of Appealability (COA)" (Doc. 12), which the Court construes as his objections.

The Court reviews the portions of the Report and Recommendation to which DeJesus-Flores objected *de novo* and all other portions for plain error. *See* FED. R. CIV. P. 72(b)(3). In his Motion, DeJesus-Flores only addresses the Magistrate Judge's recommendation that a Certificate

of Appealability be denied as to his vagueness and due process claims. The Court thus reviews only these portions of the Report and Recommendation *de novo*.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

In *Beckles v. United States*, the Supreme Court "h[e]ld that the advisory Guidelines are not subject to vagueness challenges". 580 U.S. 256, 259 (2017). DeJesus-Flores devotes much of his Motion to explaining why the Supreme Court's holding in *Beckles* is wrong. But *Beckles* binds this Court. *See Rodriguez de Quijas v. Shearson/Am. Exp., Inc.*, 490 U.S. 477, 484 (1989) (noting that the Supreme Court alone has "the prerogative of overruling its own decisions").

He also attempts to distinguish *Beckles* by arguing that its holding does "not include the commentary." *Beckles* made no such distinction. Moreover, the Supreme Court in *Beckles* determined that the advisory Guidelines were not subject to vagueness challenges in large part because rather than "binding" the courts, the Guidelines "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Beckles*, 580 U.S. at 263, 265. As the commentary to the Guidelines also do not bind sentencing courts, DeJesus-Flores's distinction fails. The reasoning of *Beckles* forecloses DeJesus-Flores's vagueness challenge to the commentary.

To the extent that DeJesus-Flores also argues that the definition of "minor" in the commentary violates his due process rights, he fares no better. "A guideline violates due process only if it has no rational basis or is subject to arbitrary application." *United States v. Bacon*, 646 F.3d 218, 221–22 (5th Cir. 2011). As the Report and Recommendation rightly points out, defining a "minor" as someone under the age of 18 to protect these vulnerable individuals from the harms of trafficking is rational. (*See* R&R, Doc. 10, 9) And while DeJesus-Flores asserts that the

definition of "minor" is subject to arbitrary application, the sentencing guideline range that DeJesus-Flores claims was "arbitrarily assigned him" based on the commentary within the Guidelines did not bind the court, but "'merely [provided] advice in exercising its discretion'". *United States v. Ross*, 948 F.3d 243, 250 (5th Cir. 2020) (quoting *Beckles*, 580 U.S. at 263). As a result, his claim that the commentary violates his due process rights is also meritless.

As DeJesus-Flores's vagueness and due process claims are meritless, the Court agrees with the Report and Recommendation that no Certificate of Appealability should issue.

For these reasons, the Court **OVERRULES** DeJesus-Flores's objections contained with his "Motion to Reconsider Denial of Certificate of Appealability (COA)" (Doc. 12).

As to the other portions of the Report and Recommendation, DeJesus-Flores raises no objections. The Court finds no plain error in the Magistrate Judge's analysis and thus **ADOPTS** the Report and Recommendation (Doc. 10). It is:

**ORDERED** that all claims against the United States by Ismael DeJesus-Flores in his Motion Pursuant to 28 U.S.C. § 2255 (Doc. 1) are **DISMISSED WITH PREJUDICE**.

In addition, because the Court finds that no outstanding issue would be debatable among jurists of reason, and that DeJesus-Flores fails to make a "substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2), the Court **DENIES** a Certificate of Appealability.

The Clerk of Court is directed to close this matter.

Signed on April 14, 2023.

*Fernando Rodriguez, Jr.*
Fernando Rodriguez, Jr.
United States District Judge